Abduloski v. Holder

BIA
Bain, IJ
A094 798 257

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges.**

_____

ABDULLA ABDULOSKI,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-5143-ag
NAC

_____

---

* The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. 46(d); 2d. Cir. IOP E(b); United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

FOR PETITIONER:           Jennifer Oltarsh, Oltarsh &
                          Associates, P.C., New York, New
                          York.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General, Civil Division; William C.
                          Peachey, Assistant Director, Office
                          of Immigration Litigation; Jonathan
                          Robbins, Trial Attorney, Office of
                          Immigration Litigation; United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Abdulla Abduloski, a native and citizen of Macedonia, seeks review of a November 23, 2010, order of the BIA, affirming the October 29, 2008, decision of Immigration Judge ("IJ") Terry Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abduloski*, No. A094 798 257 (B.I.A. Nov. 23, 2010), *aff'g* No. A 94 798 257 (Immig. Ct. N.Y.C. Oct. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and BIA's decision. *See Zaman v. Mukasey*, 514 F.3d

2

233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Abduloski failed to satisfy his burden of proof for asylum.  As the agency found, the physical attacks, harassment, and threats that Abduloski endured during his service in the military on account of his Muslim religion, and during the 2005 and 2006 local and parliamentary elections on account of a political opinion imputed to him by unidentified individuals, do not rise to the level of persecution.  We note that Abduloski did not indicate that he sought medical attention after the beatings, that he suffered lasting harm, or that he had been arrested or detained during these incidents of harm.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (stating that the harm alleged must be sufficiently severe, rising above "mere harassment"); *Liu v. Holder,* 632 F.3d 820, 822 (2d Cir. 2011) (holding that petitioner failed to establish persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect," and where

3

those who beat him did not "ha[ve] any intention of arresting or detaining him").

Moreover, because Abduloski testified that gangs harassed him and his family in order to extort pension funds from his father, and did not allege that the threats and harassment were on account of his family's Muslim religion or political beliefs, the agency reasonably determined that any harm Abduloski suffered was not on account of a protected ground but rather the result of generalized criminal activities, which is not a valid basis for asylum. *See* 8 U.S.C. § 1101(a)(42); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (stating that "persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground").

The agency also reasonably determined that Abduloski failed to establish a well-founded fear of future persecution based on a protected ground. *See* 8 U.S.C. § 1101(a)(42). As the agency found, Abduloski's testimony that his parents and siblings continued to reside safely in Macedonia undercut his argument that he has a well-founded fear of persecution. *See Melgar de Torres*, 191 F.3d at 313 (suggesting that the fact that an asylum applicant's family

4

members, who would logically fear persecution on the same ground as the applicant, continue to reside safely in the home country after the alien's emigration, "cuts against [the applicant's] argument that [he] has a well-founded fear of persecution").

Accordingly, the agency reasonably denied Abduloski's application for asylum. Because he failed to meet the burden of asylum, Abduloski necessarily failed to meet the higher burden for withholding of removal, as that claim was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5